J-S74038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JESSE J. FAUST | |
| Appellant | No. 1351 EDA 2015 |

Appeal from the PCRA Order April 15, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000733-1975

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED OCTOBER 28, 2016**

Jesse J. Faust appeals *pro se* from the order entered April 15, 2015, dismissing as untimely his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We adopt the following statement of facts:

> On January 7, 1975, an attendant was shot during an armed robbery of an ARCO station in the City of Chester.  He died four days later.  The Commonwealth's evidence showed that Jesse Faust and Bobby Brightwell had entered the service station and committed the robbery while Milton Johnson and Donald Hunt waited in an automobile parked in a nearby alley.  Faust was tried before a jury with Brightwell and was found guilty of second degree murder, robbery, theft, and conspiracy.

***Commonwealth v. Faust***, 464 A.2d 540, at *1 (Pa. Super. 1983)

---

[*] Former Justice specially assigned to the Superior Court.

In January 1980, following his conviction, Appellant was sentenced to life imprisonment. This Court affirmed the judgment of sentence on direct appeal. ***Commonwealth v. Faust***, 464 A.2d 540 (Pa. Super. 1983) (unpublished memorandum).

In November 1991, Appellant filed his first PCRA petition,[1] which was denied. Appellant filed a second PCRA petition in October of 1996, which was dismissed as untimely. This Court affirmed, and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. ***Commonwealth v. Faust***, 718 A.2d 856 (Pa. Super 1998) (unpublished memorandum), *appeal denied,* 727 A.2d 1117 (Pa. 1998).

In November 2010, Appellant *pro se* filed the instant PCRA petition, his third. According to Appellant, in October 2010, he received an anonymous letter, stating:

> Tried to hang – himself (6-6-78); On Thorazine 75 mg (6-14-78); Suicidal June 22, 1978; taking medication Azene 3.25 mg [*unintelligible writing*]; Transferred to Fairview State Hospital Sept 19, 1978; AM1707' P5086K.

Appellant's Brief, Exhibit B. Appellant asserts that the information in this letter establishes that Commonwealth witness Donald Hunt was not credible, and therefore, Appellant is entitled to a new trial.

---

[1] This first petition was filed under the Post-Conviction Hearing Act, which was later amended and renamed the Post-Conviction Relief Act.

- 2 -

PCRA counsel was appointed, but in April 2013, counsel submitted a no merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). In May 2013, Appellant filed a *pro se* response to counsel's *Finley* letter. In December 2013, Appellant *pro se* filed a Motion to Stay the Pending Motion to Dismiss PCRA Petition and Counsel's Motion to Withdrawal. In May 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition and granted counsel's request to withdraw. Appellant responded to the court's 907 notice, and in April 2015, the PCRA court dismissed Appellant's petition.

Appellant *pro se* appealed. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement but issued a memorandum opinion explaining its decision.

Appellant raises the following issues:

1. Whether the PCRA court erred by dismissing Appellant's newly discovered *Brady*[2] claims as untimely, since the petition expressly invoked section 9545(b)(1)(i) and (ii), and was filed within sixty days of the date that Appellant in the exercise of due diligence, uncovered those claims.

2. Whether a new trial should be granted or the matter remanded for further proceedings on the merits, because of the unavailability at the time of trial of exculpatory evidence that has subsequently become available, demonstrating that

---

[2] *See* *Brady v. Maryland*, 373 U.S. 83 (1963). In *Brady,* the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87.

the Commonwealth failed to correct false testimony and to disclose material impeachment evidence in violation of ***Brady v. Maryland***.

Appellant's Brief at 2.

The standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Initially, we address the timeliness of Appellant's petition, as it implicates our jurisdiction and may not be altered or disregarded in order to address the merits of his claim. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, all petitions seeking collateral relief must be filed within one year of the date the judgment of sentence becomes final. ***Id.*** There are three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in

this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant does not dispute that his petition is untimely; rather, Appellant acknowledges that he must avail himself of one of the exceptions set forth in section 6545(b)(1)(i)-(iii) in order for this Court to have jurisdiction to reach the merits of his claims.[3] Appellant asserts that his petition meets the timeliness exceptions found in 42 Pa.C.S. § 9545(b)(1)(i) and 42 Pa.C.S. § 9545(b)(1)(ii).

Regarding 42 Pa.C.S. § 9545(b)(1)(i), Appellant contends that the Commonwealth failed to disclose certain exculpatory evidence, specifically that Commonwealth witness Donald Hunt was at one time hospitalized in a mental facility. Appellant alleges that the Commonwealth had knowledge of Hunt's commitment and failed to provide this information to defense counsel, in violation of *Brady.*

We disagree. A *Brady* claim may fall within the governmental interference exception. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). However:

_____

[3] Appellant's current petition is patently untimely. His judgment of sentence became final in the 1980s, more than thirty years ago.

The petitioner must plead and prove [1] the failure to previously raise the claim was the result of interference by government officials, and [2] the information could not have been obtained earlier with the exercise of due diligence.

*Id.; see also Commonwealth v. Chester*, 895 A.2d 520, 523-24 (Pa. 2006). Appellant offers no evidence that the Commonwealth even knew of Mr. Hunt's hospitalization let alone concealed that information from Appellant. Additionally, Appellant had prior knowledge of potential issues regarding Mr. Hunt's competency as there was a competency hearing prior to trial. Appellant offered no evidence that the Commonwealth interfered with his ability to raise this instant claim. Accordingly, the governmental interference exception set forth in Section 9545(b)(1)(i) is inapplicable.

Appellant also asserts the "newly-discovered fact" timeliness exception. Under 42 Pa.C.S. § 9545(b)(1)(ii), Appellant must prove that (1) this fact was unknown to him and (2) that he could not have ascertained this fact previously by the exercise of due diligence. *Commonwealth v. Bennett,* 930 A.2d 1264, 1270-72 (Pa. Super 2007). Due diligence requires that the petitioner make reasonable steps to protect his own interest. *Commonwealth v. Carr,* 768 A.2d 1164, 1168 (Pa. Super. 2001).

As previously stated, Appellant's "newly discovered fact" is an anonymous, handwritten note, which he asserts refers to a Commonwealth

witness who was hospitalized in a mental health facility.[4]   While Mr. Hunt's hospitalization may have been unknown to Appellant at the time of the trial, his competency to testify was evaluated prior to trial.   The letter is essentially a "new" aspect of an old issue regarding Mr. Hunt's competency. The fact that Appellant discovered additional information regarding Mr. Hunt's competency does not create a newly-discovered fact.   ***See Commonwealth v. Marshall,*** 947 A.2d 714, 720 (Pa. 2008) (The fact that the petitioner "discovered yet another conduit for the same claim of perjury does not transform his latest source into evidence falling within the ambit of Section 9545(b)(1)(ii)".)

Appellant also fails to meet the second prong of Section 9545(b)(1)(ii), as he does not explain why he could not have ascertained this information with the exercise of due diligence.   ***See Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001) (A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence).   Thus, Appellate fails to meet the requirements of 9545(b)(1)(ii).

In summary, Appellant's petition was patently untimely, and he has failed to establish an exception to the timeliness requirements of the PCRA. Accordingly, the PCRA court did not have jurisdiction to review the merits of Appellant's claims and properly dismissed his petition.

---

[4] Notably absent from this letter is any reference to Commonwealth witness Donald Hunt.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2016